Good morning. May it please the Court, Jonathan Liddy appearing on behalf of Appellant William Caldwell. Mr. Liddy, I just have a direct question to ask. The sentence that Judge Fischer rendered seems to me to be in the alternative. That is, I would go here if it's a departure. If it's not a departure, then I go here under 3553A factors for which one does not need to give notice. So why don't we just forget the departure, look at the 3553A, and that's the end of it? Well, Your Honor, because the Court expressly imposed a sixth-level upward departure here while you're at it. And alternatively said, however, if that doesn't hold up, here's the way I see 3553A playing out, and came up to the same result as being an appropriate sentence. Reasonable to, you know, refute whatever's necessary and not greater than that. Your Honors, I believe what the Court was saying was if this Court were to reject its basis for the departure, then it could then, in its reasonableness calculus, determine whether or not it's under 3553A. Why don't we just ignore the departure, assume for purposes of discussion that the judge made a Rule 32 error, and just ignore the departure and focus on 3553 The judge mentioned 3553 at page 48. And it looks like on 51, the judge says, I find the sentence is reasonable and sufficient, but no greater than necessary to comply with the purposes stated in 3553. And it's not just a formulaic reading of the appropriate script. It's at the end of very lengthy and careful consideration. So why not just treat it as a 3553 sentence? Well, the Court could have simply made this a 3553A sentence. Judge Fischer chose not to do that. It looks like the judge did both. Well, respectfully, Your Honor, what the Court did here was say, based on everything I know in this case, a sixth-level upward departure is appropriate. Now, it may be that courts will no longer do what would now be considered You don't understand my question. I must not have made my question clear. I think you've got a real good argument that the judge erred in departing without notice. However, it looks to me, and I'd like you to show me where I'm wrong, as though the judge sentenced in the alternative. I depart upward. Wrong. In the alternative, I choose this sentence after carefully considering all this 3553 matter that I've just discussed. And on that, it doesn't look like there's a real challenge to it. So I'm wondering why error in the departure even matters. Well, because the Court chose to use such language. Well, if a judge says, I'm doing this because of A and B, and B is an independent reason, I do it for reason B even if I didn't have reason A, then reason A doesn't matter logically. And that's – and I'm wondering why I shouldn't conceptualize this case this way. Well, only because – well, again, the Court could have chosen to expressly put this sentence in terms of the 3553 effect. It did. It did. That's exactly what Judge Fischer said. What Judge Fischer says is 5K2.3 suggests an upward departure is appropriate. I know she said that first. Does it make any difference which comes first? Absolutely, Your Honor. Oh, why? Come on. For these reasons, for these reasons, I find that an upward departure of six levels is appropriate, resulting in a guideline range of 51 to 63 months. She said that. This Court has said the Court must first do a guidelines calculation. Yes. That is what this Court did here by applying a six-level upward departure. Okay? Otherwise, if you're just going to say she was doing this under 3553A, then the Court never in fact properly calculated the guideline range. Now, it's a question of whether there's error. Do you recall the Supreme Court Williams case? No, Your Honor. Which was in the guideline world. And the Court said, well, you know, if the district court makes an error in calculating the guideline but tells us that the sentence would be the same whether it made that error or not, makes that clear, then it's not appealable. That's the end of it. Because the district court has said, you know, if I made a mistake on giving you this one point or not, my sentence would be the same. Now, Judge Fischer said even if there's a mistake regarding the departure, I would give you the same thing under what we call a variance. And we know she doesn't have to give notice of a variance, correct? Correct. She doesn't have to give notice if it's merely a variance. That's correct. Correct. And that's what she said she was doing. Well, again, respectfully, I disagree. I mean, the Court could have simply left it there, could have simply said I'm applying the 3553A factors, and I would assume after Rosari a court is no longer going to put a, a, their guidelines calculation and their sentencing discussion in terms of departures. The fact is, in this case, Judge Fischer was still clinging to the guidelines and applied a departure, a sixth-level departure, which she used to determine the guidelines. Assuming that we're so benighted we don't un we just can't get our minds around that argument. Is there something else that should cause us to overturn this? Well, Your Honor, we also, of course, argue that the sentence itself was unreasonable based on the facts of this case, that even if what the Court was saying is true, I mean, yes, there was, we have, the victim here suffered perhaps some psychological harm, but what the Court did was essentially hold the fact that Mr. Caldwell is mentally ill against him. He made his, she made the mental illness an aggravating factor, even though it would normally consider mitigating factor. I'm having a little trouble with the unreasonableness. It looks to me as though we're engaged in an academic exercise because pretty much any judge would max this guy out one way or another. Well, Your Honor, I'm not sure that's necessarily the case. Because he's ruined this woman's life for 18 years. She flies these planes as the pilot, and the crew can't say, we have your pilot so-and-so with us. She has to hide from him. She has to keep her address secret. She has to have her parents lie to him about where she is for years. I think it's 18 years. Your Honor. And maxing him out is only five to serve. Your Honor, the stalking counts, had they been counted in the calculation, the Sentencing Guidelines calculation, if he in fact had pled guilty to the stalking counts, the guideline range would still have been less than the sentence the Court imposed here. And the Sentencing Commission takes into consideration the harm that goes to a victim in terms of a stalking conviction. Even with seven stalking convictions here, the guideline range still would have been less than 60 months. You know, we all get death threats in this business. And occasionally you get somebody where when you read his obituary, you breathe a sigh of relief. I understand, Your Honor. There was no death threat in this case, however. Well, it sort of looked like there might have been. He wrote her that letter about fantasizing about dying together. Yes. And he was driving to her place with a loaded gun. No evident purpose for it other than that. Other than to give her flowers and a plan and wish her well. The fact remains. And go nicely at her funeral. Well, Your Honor, you know, obviously I'm not getting very far here. I'm going to reserve the balance of my time. Well, if there's more to be said, I'd love to hear it. Your Honor, we detailed at length in our briefing what we felt the Court did wrong here in terms of the sentencing. Again, she held his mental illness against him. The fact is she could have imposed a lesser sentence by, as part of his supervised release conditions, requiring that he undergo, that he may be forced medicated throughout the term of his supervised release term. She chose not to do that. She could have done that and allowed him to get out on release in a reasonable period of time. He agreed, as part of the plea agreement, to a very lengthy list of conditions in order to protect KB from any further harm. KB accepted those conditions and accepted that a 27-month sentence, as recommended by the government, was appropriate here. And I'll reserve the balance. Okay. Mr. Moynihan. May it please the Court. My name is Brian Moynihan. I represent the United States in this matter. It's clear that the Court recognizes many of the points that the government has raised. And so the government is not going to seek to belabor with argument that is unnecessary. But briefly, just to hit a couple of the points that were raised by defense counsel. We would make it a much cleaner record if the prosecutor had said, Your Honor, are you making a 3553 decision that's independent of and that would be made regardless of the guidelines decision? Certainly, Your Honor. Had that been explicitly stated and proposed by government counsel and I was government counsel at the sentencing, it would have been a clearer record. At the time the government submits the record, shows that the record was still it was believed and seen that the record was sufficient to show that there was an alternative sentence that was being imposed by the Court under discretion under 3553A and imposing a barrenness. So without doubt, upon further review and close review of the record, and mind you, this was a lengthy sentencing hearing in which the Court explained its sentence at great length, with great detail. It appeared clear at the time. And no risk, you'd upset the apple cart by speaking up in this case. And also, I think, you know, government counsel is mindful that it's not going to seek to advise the Court that there was perhaps an error of better language to be used when it seemed to be superfluous and unnecessary. At the time, it appeared quite clear that what the Court was doing is what Your Honors have noted, an alternative sentence, sort of addressing the guidelines as the Court is required to do and as the Court is mandated to do first, and then in the alternative, a 3553A sentence. So on that point, Your Honors, the government submits that the case law is clear, the recent case law in Irizarry and this Court's decision in Evans-Martinez and this Court's recent decision in the War case, that there was sufficient the sentencing procedure was sufficient here and that notice was not required for rebearance. A couple factors that were raised by defense counsel, just briefly, if I may address them, Your Honor, with regard to the reasonableness of the sentence. First of all, government submits that it mischaracterizes the record to say that this sentencing court held defendant's mental illness against him as an aggravator. What the Court did was recognize this is someone with a mental illness who requires treatment, but this is also an individual who has repeatedly made choices to stop taking his medication, knowing that he then acts in a dangerous and erratic manner and that ultimately he commits crimes such as the crimes in this case. Another point, Your Honor, with regard to reasonableness, there was a recognition that the Court gave him a 60-month sentence and perhaps that maxed defendant out. In fact, that was only half of the statutory maximum of 10 years that the Court could have imposed. So it shows the reasonableness of the Court's sentencing determination. I'm not sure it shows the reasonableness. Why not the 10? Well, I think that there is a range of what could be reasonable, and ultimately the Court, as was made clear in the Nichols decision decided by a panel of this Court, need not consider every reasonable alternative, but rather is the sentence that was imposed, in fact, reasonable. And Judge Fischer, being as familiar as she was with the record in this case and with this defendant, she made quite clear she had a lot of interaction with the defendant more than almost any other defendant. So 5 wasn't the max? 10 is the statutory maximum for being a felon in possession. In this case, though, the judge imposed a 5-year sentence. And in fact, the range under the guidelines the Court found to be applicable of 51 to 63 months, the judge imposed a sentence that wasn't even at the high end of that range, but, yes, was above the sentence that was recommended by the government. Beyond that, Your Honors, unless there are any questions regarding the other issue raised by defense counsel with regard to reassignment, should the matter be remanded, government counsel will submit the matter. All right. Thank you, Mr. Michael. Mr. Levy. Briefly on the reasonableness issue, government counsel failed to mention that, in fact, it had recommended a 27-month sentence in this case and, in fact, maintains in its briefing that 27 months was the appropriate sentence under the facts of this case. I would note that in Arizari, the Supreme Court did indicate that a continuance would have been appropriate if the Court is raising issues that took defense counsel by surprise. Defense counsel clearly was surprised here. Did defense counsel ask for a continuance? Did not expressly ask for a continuance, but did indicate that there were numerous factors that it would have objected to had it been given an opportunity. The Court clearly knew it was going to do this in advance, had indicated actually that it had been contemplating this since the time of the plea agreement. And, in fact, at the beginning of the sentencing hearing, after counsel had made some arguments that the stalking counts weren't really relevant, the Court said, well, I disagree with you, and you'll discover that later on in the hearing. So the Court was really hiding the ball here in terms of what it was considering, and counsel was really blindsided, and perhaps a continuance should have been granted under those circumstances. Thank you. Thank you, Mr. Levy. Thank you. Counsel, the matter just argued will be submitted.
judges: Fernandez, Rymer, Kleinfeld